IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SANCHEZ ROLLE,                  )
                                )
     Plaintiff,                 )
                                )    CIVIL ACTION NO.
     v.                         )       2:23cv77-MHT
                                )          (WO)
JOSE ANGEL SALAZAR CAVAZOS      )
and JBA EXPRESS, LLC,           )
                                )
     Defendants.                )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et

al., Moore's Federal Practice & 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard in two ways. First, the removal notice is insufficient because it does not properly indicate the citizenship of a party that is a 'limited liability company': JBA Express, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members of the limited liability company." *Id.* (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity *based on the nature of that entity*.)

Second, the notice pleads that the plaintiff is a resident of Alabama and "[a]ccordingly" is a citizen of that state. Notice of Removal (Doc. 1) at 3. However,

2

citizenship is based on domicile, and domicile is determined by *both* residence *and* an intent to remain there indefinitely. *See Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984). While the notice of removal does assert the citizenship of the plaintiff, it also makes clear that the assertion of citizenship is based on an assessment of only one of the requirements of domicile--residence. This error undermines the sufficiency of the allegation of citizenship.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until March 1, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 15th day of February, 2023.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**